### RAMAPO FOUNDRY & WHEEL WORKS v. CAREY.

(Supreme Court, Appellate Term. November 24, 1908.)

1. ACCORD AND SATISFACTION (§ 9*)—PART PAYMENT—EFFECT.

   Plaintiff sent to defendant a bill for the amount due on a contract, adding a charge for freight. Defendant objected to the item for freight. Defendant returned to plaintiff the bill with a check for the amount, less the freight charge. Plaintiff receipted the bill and cashed the check, and three days later returned the bill to defendant, with a letter requesting a check for the balance. Defendant made no answer. *Held* not to show an accord and satisfaction.

   [Ed. Note.—For other cases, see Accord and Satisfaction, Cent. Dig. §§ 88–91; Dec. Dig. § 9.*]

2. EVIDENCE (§ 408*)—PAROL EVIDENCE—VARYING TERMS OF RECEIPT.

   A receipt has not the force of a written contract, and it is open to explanation by parol.

   [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1829–1842; Dec. Dig. § 408.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Ramapo Foundry & Wheel Works against George H. Carey. From a judgment of the Municipal Court in favor of defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Philip W. Carney, for appellant.

PER CURIAM. The plaintiff corporation sued for an alleged balance due on a contract. The only defense litigated on the trial was an accord and satisfaction. The justice decided for the defendant upon

---

the ground that the latter had established this defense. Plaintiff appeals.

There was a dispute as to whether plaintiff or defendant should "stand the freight." On or about November 8, 1906, plaintiff sent defendant a bill for the amount due on a contract between them, adding the charge for freight. Defendant objected to the item for freight. They had a conversation upon the subject, in which, according to defendant, plaintiff agreed to "stand the freight." This is denied by plaintiff's agent. Thereafter, and on or about February 14, 1907, defendant returned to plaintiff the bill, above referred to, with a check for the amount thereof, less the freight charge. On February 15, 1907, plaintiff receipted the bill and cashed the check, but on February 18, 1907, returned the bill so receipted to defendant, with the following letter, stating:

"We herewith inclose invoice receipted, with freight deduction still pending. * * * Will you kindly let us have a check for the balance still due?"

To this defendant made no answer. There was nothing accompanying the check so sent by defendant, except the bill, so far as the documentary evidence shows, but defendant claimed on the trial that he sent it in full satisfaction of the claim. It is very clear that plaintiff did not so accept it, as is seen by the letter above referred to. The court held the receipted bill was conclusive proof. This is not so, as a receipt has not the force of a written contract, and is open to explanation by parol evidence.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.